Filed 11/15/13  P. v. Holmes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE, | C069953 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SF111890A, SF112096A, SF114668A, & SF117664A) |
| v. | |
| CLARENCE HOLMES, | |
| Defendant and Appellant. | |

A jury convicted defendant of willful failure to register as a sex offender within five working days of his birthday based in part upon counsel's stipulation that he had been "convicted of a violation of Penal Code section 243.4, Sexual Battery," a registerable offense.  Defendant claims that he was prejudiced by the failure of his attorney to offer a stipulation that he was convicted of a felony requiring annual registration within five days of his birthday.

We do not understand in what manner defendant was prejudiced by the different forms of stipulation since he admitted that he was required to register and he makes no claim that the form of the stipulation affected his failure to register.  That left only the

1

claim that the failure to register was not willful. We disagree and shall affirm the judgment.

## FACTS

Defendant stipulated that he "was convicted of a violation of Penal Code section 243.4, Sexual Battery, on November 13, 2000." The People presented evidence that as a result of this conviction defendant was required to register annually for life as a sex offender within five working days of his birthday or a change of residence. Defendant was informed of this requirement when he first registered on June 21, 2001, and several other times when he registered prior to February 5, 2009, which was the last time he registered.

Defendant testified, admitting he had been convicted of sexual battery in 2000 and that he knew he was required to register annually as a sex offender for life. He had registered with the Stockton Police Department approximately 15 times in that past 11 years. When he went to the police department to register on February 5, 2009, he filled out a registration form and turned it in. While waiting for the clerk to provide him with a verification of having registered, he was listening to rap music on his Walkman. The music contained a lot of "cussing" and he was singing aloud with the music. A White female came out and took defendant to a lobby as he continued to sing. The female must have believed he had called her the "B" word (probably bitch) because she told him, "Get out. Don't come back." Although he did not call her the "B" word, he left and never returned because the lady had told him, "Don't come back."

## DISCUSSION

Defendant admits he was required to register but nonetheless makes a lengthy argument that his attorney was ineffective for having offered the wrong stipulation regarding the offense for which registration was required. We need not respond to the argument since the nature of the stipulation had no effect upon the defendant's duty to

2

register and defendant's counsel could not be deemed ineffective for having chosen one over the other. That left only the claim that his failure to register was not willful.

Defendant claims that when he tried to register at the Stockton Police Department in February 2009, he was "cussing" out loud to rap music. An unknown female employee escorted him to the lobby but he continued to sing the explicit music. Ultimately, the employee told him to leave. We disagree that this shows that the failure to register was not willful.

Defendant knew of the registration requirement but did not register. He says he did not return to the police station because the employee told him "Don't come back." The evidence shows that defendant willfully acted in a disruptive and offensive manner at the police station, willfully declined to change his behavior even when escorted to the lobby, and willfully chose not to make a further attempt to register. There is no evidence that defense counsel's failure to procure a limiting instruction had anything to do with the finding of guilt.

### DISPOSITION

The judgment is affirmed.

      __Blease_____, Acting P. J.


We concur:


      __Mauro_____, J.


      __Murray_____, J.

3